# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | |
|---|---|
| LLOYD DeMOSS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 5:15-CV-6147-DGK |
| TRIUMPH FOODS, LLC, | ) |
| Defendant. | ) |

## ORDER DENYING MOTION TO STRIKE

This case comes before the Court via Plaintiff Lloyd DeMoss's ("DeMoss") motion to strike certain affirmative defenses filed by Defendant Triumph Foods, LLC ("Triumph") (Doc. 7). DeMoss argues that Defenses Two and Three are not affirmative defenses, but attacks on the adequacy of the Complaint, and that Defense Five is refuted by an exhibit to his motion.

The Court holds that Defenses Two, Three, and Five are specific denials that have been mislabeled as defenses. The motion is therefore DENIED.

### Background

According to his petition, DeMoss worked for Triumph from 2005 until he was fired in 2014. He brings two claims in this lawsuit. First, he alleges Triumph unlawfully terminated him in retaliation for filing a workers' compensation claim. Second, he alleges Triumph demoted him and refused him promotions because of his age, in violation of the Age Discrimination in Employment Act ("ADEA").

Triumph answered the complaint with several defenses, including "general and affirmative defenses." Its Defenses Two, Three, and Five state:

> 2. Plaintiff's Petition fails to state a claim upon which relief may be granted.

> 3. Plaintiff is not entitled to the relief request as a matter of fact and/or law.
>
> . . .
>
> 5. Plaintiff's claim under the ADEA is barred, in whole or in part, to the extent he failed to comply with all statutory, jurisdictional, and procedural requirements under the ADEA, including but not limited to, the failure to exhaust administrative remedies.

Answer at 3 (Doc. 5).

**Discussion**

DeMoss moves to strike the three defenses reproduced above. Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense." Fed. R. Civ. P. 12(f); *see* Fed. R. Civ. P. 7(a)(2) (categorizing an answer as a pleading). "A motion to strike a defense will be denied if the defense is sufficient as a matter of law or if it fairly presents a question of law or fact which the court ought to hear." *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977). The purpose of these motions "is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with them early in the case." *Operating Eng'rs Local 324 Health Care Plan v. G & W Constr. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015) (internal quotation marks omitted). Accordingly, motions to strike are generally disfavored. *Stanbury Law Firm, P.A. v. IRS*, 221 F.3d 1059, 1063 (8th Cir. 2000).

Defenses Two and Three, Triumph concedes, are not actually affirmative defenses. But neither are they general defenses. Rather, they restate the standard for Rule 12(b)(6) dismissal and so are attacks on the sufficiency of DeMoss's pleading. *See* Fed. R. Civ. P. 12(b)(6); *Lakeside Roofing Co. v. Nixon*, No. 4:10CV01761, 2011 WL 2600421, at *1 (E.D. Mo. June 29, 2011). Therefore, they are best categorized as specific *denials*, and not as defenses. *See* Fed. R. Civ. P. 8(b)(1)(B), 8(b)(3); *Bluewater Trading LLC v. Willmar USA, Inc.*, No. 07-61284-CIV, 2008 WL 4179861, at *2 (S.D. Fla. Sept. 9, 2008).

Because Rule 12(f) is a mechanism for striking *defenses*, not denials, these denials cannot be struck on this motion. *See Lunsford*, 570 F.2d at 229. Even if Defenses Two and Three could be properly categorized as general defenses, they will not frustrate the purpose of Rule 12(f) if they remain in the Answer because they can be litigated later in another form—in a Rule 12(b)(6) motion—and thereby spare DeMoss the unnecessary expense of time and money. *See G & W Constr. Co.*, 783 F.3d at 1050; *see also Stanbury*, 221 F.3d at 1063. The Court therefore declines to strike Defenses Two and Three.

Defense Five alleges that DeMoss has not exhausted his administrative remedies as required by the ADEA. DeMoss moves to strike this defense in light of a right-to-sue letter—attached to his motion, but not to the complaint—that he claims satisfies the ADEA's exhaustion requirement.

A plaintiff must exhaust his administrative remedies as a condition precedent to filing an ADEA action. *Shelton v. Boeing Corp.*, 399 F.3d 909, 912 (8th Cir. 2005). The plaintiff must plead in his complaint that he has done so. *See id.*; *Jessie v. Potter*, 516 F.3d 709, 713 n.2 (8th Cir. 2008); *see also* Fed. R. Civ. P. 9(c). By arguing that DeMoss has not pled this essential element, Defense Five attacks the sufficiency of the complaint. It is therefore a specific denial. For the same reasons the Court declined to strike Defenses Two and Three, the Court declines to strike Defense Five.

## Conclusion

For the reasons above, the Court DENIES DeMoss's motion to strike (Doc. 7).

**IT IS SO ORDERED.**

DATE: <u>January 26, 2016</u>  /s/ Greg Kays
                                                  GREG KAYS, CHIEF JUDGE
                                                  UNITED STATES DISTRICT COURT